UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MISC. F-04-0200 TAG |
| Plaintiff, | ) | ORDER OF GARNISHMENT |
| v. | ) | |
| PHILLIP GARY CRAWFORD, | ) | |
| Defendant and Judgment Debtor. | ) | |
| TIAA-CREF, | ) | |
| Garnishee. | ) | |

**Background**

On March 18, 2002, a Judgment in a Criminal Case was entered against Defendant/Judgment Debtor Phillip Gary Crawford (hereinafter "Judgment Debtor). (Doc. 32, Exh. 1). Among other things, that Judgment ordered the Judgment Debtor to pay an assessment of $1,100 and restitution in the amount of $157,840.67, for a total of $158,940.67. (Doc. 32, Exh. 1). Since that time, and in large measure due to a prior order of garnishment (Doc. 24), the Judgment Debtor has substantially paid down the amount owed such that, as of June 16, 2006, the balance due on his prior criminal judgment (CR-F-04-5050-OWW) was $92,326.23. (Doc. 25).

On June 19, 2006, Plaintiff United States of America filed an "Application for Writ of Garnishment (Accounts)" against Garnishee TIAA-CREF pursuant to 28 U.S.C. § 3205(b)(1). (Doc. 25). On the same day, a writ of garnishment was issued by the Clerk of the Court. (Doc. 26). In conjunction with the foregoing, the Clerk issued a "Notice and Instructions to Judgment Debtor"

which included a "Claim for Exemption" form and which directed Defendant/Judgment Debtor Phillip Gary Crawford to request a hearing should he wish to claim such exemption. (Doc. 27). On July 3, 2006, garnishee TIAA-CREF filed its "Acknowledgment of Receipt and Answer of Garnishee (Accounts)." (Doc. 29). Three days later, on July 6, 2006, Defendant/Judgment Debtor Crawford filed a Request for Hearing along with a completed Claim for Exemption, specifically, the minimum exemption for wages, salary and other disposable earnings. (Doc. 30). Accordingly, a garnishment hearing was conducted on August 22, 2006.

**Issue**

Defendant/Judgment Debtor Phillip Crawford possesses survivorship interests in two annuities contracts held by Garnishee TIAA-CREF. (Doc. 28, Exh. 7 (referencing payments from two "inherited annuit[ies]") and Doc. 29). Plaintiff United States asserts that these annuities were inherited from Judgment Debtor's mother, Vera Crawford. (Doc. 32, p. 3). At the garnishment hearing, Judgment Debtor claimed that these annuities were inherited from his father, who voluntarily paid into the two TIAA-CREF accounts with income earned from his employment as a professor. The approximate value of these two annuity contracts (GA24465-1 and GA24546-8) is $32,000. (Doc 29). In opposition to a writ of garnishment filed by the United States, Judgment Debtor Crawford contends that his interests in the two annuity contracts held by TIAA-CREF are exempt from garnishment on the ground that they are disposable earnings under 18 U.S.C. § 3613(a)(3), which incorporates the restriction on garnishment as provided for under the Consumer Credit Protection Act, 15 U.S.C. § 1673(a). (Doc. 30). At the garnishment hearing, Judgment Debtor Crawford claimed simply that to garnish the annuities would leave him with insufficient income. The Court disagrees.

**Analysis**

As set forth in 18 U.S.C. § 3613, the United States may enforce a judgment imposing a fine "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). Furthermore, "a judgment imposing a fine may be enforced against *all* property or rights to property of the person fined," id. (italics added), with one

///

2

limitation being that the provisions of the Consumer Credit Protection Act (15 U.S.C. § 1673) also apply.  18 U.S.C. § 3613(a)(3).

Section 1673 of the Consumer Credit Protection Act ("CCPA") imposes restrictions on garnishment by, in certain circumstances, setting a maximum allowable amount of garnished funds. Specifically, the CCPA provides:

> [T]he maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
>
> (1)  25 per centum of his disposable earnings for that week, or
>
> (2)  the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage . . . in effect at the time the earnings are payable, whichever is less.

15 U.S.C. 1673(a).  As used in section 1673 of the CCPA, the term "earnings" is defined as follows:

> The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

15 U.S.C. § 1672(a).  The Judgment Debtor would have this Court find that the periodic payments from TIAA-CREF annuities that he inherited (whether from his mother or his father) are to be included as his "earnings" within the meaning of section 1672(a).  The Court disagrees for two reasons.

First, the TIAA-CREF annuity contracts in which the Judgment Debtor has a survivorship interest were funded not by the Judgment Debtor's employer, but rather by his mother or father or either of their employers.  That being the case, these funds cannot possibly be "*his* [Judgment Debtor's] disposable earnings" under 15 U.S.C. § 1673(a) (italics added).  This is particularly so given that "earnings" is defined in 15 U.S.C. § 1672(a) to mean compensation paid for "personal services" that have been performed.  When this definition is read into the exemption for "hi*s* . . . earnings" in section 1673(a), it is evident that the Judgment Debtor's argument must fail given that his survivorship annuity interest simply was not created as a result of "*his* [Judgment Debtor's] personal services."

Second, even if two TIAA-CREF annuity contracts at issue here were funded by payments on the Judgment Debtor's behalf by the Judgment Debtor's employer - which clearly is not the case - the result would still be the same.  That is because, in Usery v. First Nat'l Bank of Arizona,

3

586 F.2d 107 (9th Cir. 1978), the Ninth Circuit explicitly held that application of the CCPA is limited to the garnishment of payments by "*employers* (or those who stand in the position of employers by virtue of paying or owing compensation for services to the individual debtor)." Id. at 110 (italics added).  Therefore, and according to the circuit court, the CCPA does *not* protect wages once they have left the control of the employer and have been placed in a bank account (or, as in the case here, into the Judgment Debtor's deceased parent's retirement annuity). Id. at 110-111.  See Kokoszka v. Belford, 417 U.S. 642, 651(1974) (the terms "earnings" and "disposable earnings" under the CCPA are "limited to 'periodic payments of compensation and (do) not pertain to every asset that is traceable in some way to such compensation'") (citation omitted).

Consistent with Usery, it was held in United States v. Laws, 352 F. Supp. 2d 707 (E.D. Va. 2004) that retirement annuity payments do *not* constitute "earnings" under the CCPA:

> The plain language of § 1672(a) indicates that it is meant to protect funds as they pass from the employer to the employee, in whatever form that compensation takes, including payments by the employer *into* a pension or retirement program on behalf of the employee.  It is not clear from the plain language of the statute to what extent such funds are protected **once they leave the hands of the employer, even if the employee later receives the funds in periodic payments**. . . . Wages which have been voluntarily converted into savings are no longer earnings under the CCPA . . . . Therefore, the payments being made to Defendant [from a Federal Thrift Savings Plan annuity] are not "earnings" under the CCPA.  Defendant is not entitled to a reduction in the amount of garnishment pursuant to the CCPA.

Laws, 352 F. Supp. 2d at 713-714 (italics in original, bold added).

Here, while the Judgment Debtor's deceased parent may have paid *into* his or her TIAA-CREF accounts at some time in the past, it is clear that the current payments *out of* the TIAA-CREF annuity contracts are not - and never were - payments by the Judgment Debtor's own employer to him.  Consequently, the Judgment Debtor's annuity contract interests cannot be exempt as disposable earnings under 15 U.S.C. §§ 1672(a) and 1673, as incorporated by 18 U.S.C. § 3613(a)(3).

Accordingly, it is therefore ORDERED that:

1.   Garnishee TIAA-CREFF turn over all of Judgment Debtor's interest in two annuity contracts, numbers GA24465-1 and GA24546-8, to the Clerk of the Court and transmit all periodic payments thereunder to:

> U.S. District Court Clerk
> 501 I Street, Room 4-200
> Sacramento, California 95814

2. Plaintiff United States shall, once all proceeds from the above-referenced annuity contracts have been received by the Clerk of the Court, file a proposed order terminating the writ of garnishment (Doc. 26).

IT IS SO ORDERED.

Dated: **August 22, 2006**                                                                           **/s/ Theresa A. Goldner**
**j6eb3d**                                                                                                      UNITED STATES MAGISTRATE JUDGE